**Rocio GOMEZ, Plaintiff,**

v.

**HONEYWELL INTERNATIONAL, INC., Defendant.**

No. EP–07–CA–0182–KC.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 14, 2007.

George Paul Andritsos, Attorney at Law, El Paso, TX, for Plaintiff.

Michael W. Fox, Ogletree Deakins Nash Smoak & Stewart, PC, Austin, TX, for Defendant.

## ORDER

KATHLEEN CARDONE, District Judge.

On this day, the Court considered Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim" ("Motion"). For the reasons set forth below, Defendant's Motion is **DENIED.**

## I. BACKGROUND

Plaintiff Rocio Gomez, a female over age forty, was employed with Defendant Honeywell International, Inc. between November 2002 and January 2006. Pl.'s Original Pet. ¶¶ II–III. Defendant hired Plaintiff to work as an operations manager in Juarez, Mexico. *Id.* ¶ III. As part of her job, Plaintiff performed work at a warehouse in El Paso, Texas. Aff. of Rocio Gomez 2 ("Plaintiff's Affidavit"). She reported to a supervisor in Richardson, Texas, and she traveled to North Carolina on a regular basis. *Id.* at 1–2. On January 18, 2006, Defendant terminated Plaintiff for alleged poor performance. Pet. ¶ III. Plaintiff was not a U.S. citizen at the time of her employment. *See* Pl.'s Aff. 2.

On May 8, 2006, Plaintiff filed a charge of discrimination with the EEOC and Texas Workforce Commission Civil Rights Division. Pet. ¶ IV. On February 8, 2007, the EEOC dismissed the claim, indicating "no jurisdiction/employment outside of the U.S." Def.'s Mot. 1. On April 30, 2007, Plaintiff filed her Original Petition ("Petition") in state court, seeking damages un-

der Title VII, the ADEA, and the Texas Commission on Human Rights Act ("TCHRA"). *See* Pet. ¶ V. Defendant removed the case to this Court on May 25, 2007. Def.'s Notice of Removal 1.

Defendant filed its Motion to Dismiss Pursuant to Rule 12(b)(6) on June 12, 2007. Def.'s Mot. 1. Plaintiff filed her Response to the Motion to Dismiss ("Response") on June 22, 2007. Pl.'s Resp. to Def.'s Mot. to Dismiss 1.

## II. DISCUSSION

### A. Plaintiff's Objection to Timeliness of Defendant's Reply

Plaintiff has objected to the timeliness of Defendant's Reply, which was filed fourteen days after Plaintiff's Response. Pl.'s Sur–Resp. to Def.'s Mot. to Dismiss 1. Local rules normally require a reply to be filed within eleven days of a response. W.D. Tex. Loc. R. CV–7(e). However, when a document is filed electronically, the Federal Rules of Civil Procedure allow three additional days for the other party to file a responsive pleading. Fed.R.Civ.P. 5(b)(2)(D), 6(e). So a reply may be filed within fourteen days of an electronically filed response. Plaintiff submitted her Response electronically on June 22, 2007. Pl.'s Resp. 9. Defendant submitted its Reply within fourteen days of Plaintiff's Response. Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 6 ("Def.'s Reply"). Accordingly, Defendant's Reply is timely and Plaintiff's objection is **OVERRULED**.

### B. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.*; *Calhoun v.*

*Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). If a defendant presents evidence in support of his 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* However, all evidence must be viewed in the light most favorable to the party opposing the motion. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248–50, 106 S.Ct. 2505.

In the instant case, both parties have submitted evidence pertinent to Defendant's Motion. Accordingly, the Motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

## C. Title VII and ADEA Claims

Defendant argues that Plaintiff is not covered by Title VII or the ADEA because she was a non-U.S. citizen employed outside the United States. Def.'s Mot. 1. Plaintiff argues that these statutes do apply to her because she was employed in both the U.S. and Mexico. Pl.'s Resp. 1.

■ The ADEA does not apply to non-U.S. citizens working for U.S. corporations in a foreign workplace. *Denty v. Smith-Kline Beecham Corp.,* 109 F.3d 147, 150 (3rd Cir.1997). However, it does apply to non-citizens working within the United States, so long as they are authorized for employment within the United States. *See Reyes–Gaona v. N.C. Growers Ass'n,* 250 F.3d 861, 863 (4th Cir.2001). Prior to 1984, the ADEA had the same application as the Fair Labor Standards Act, which did not protect "any employee whose services during the workweek are performed in a foreign country." *Cleary v. U.S. Lines, Inc.,* 728 F.2d 607, 608 (3d Cir.1984) (quoting 29 U.S.C. § 213(f) (1982)). In 1984, Congress amended the ADEA by revising the definition of "employee" to include "any individual employed by an employer." 29 U.S.C. § 630(f) (2000). This amendment also provides limited application outside the United States by stating that "[t]he term 'employee' includes any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country." 29 U.S.C. § 630(f) (2000). However, this extraterritorial application does not apply to non-citizens. *See id.*

■ Like the ADEA, "Title VII does not govern aliens employed outside the United States." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 524 n. 34 (5th Cir.2001) (citing 42 U.S.C. § 2000e–1(a) (2000)). However, the Supreme Court has held that Title VII prohibits discrimination against non-U.S. citizens employed within the United States. *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 95, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973). In short, both Title VII and the ADEA apply to non-citizens employed within the United States, but neither statute applies to non-citizens employed outside the United States.

Few courts have analyzed under what circumstances an individual is employed within the United States for purposes of the ADEA or Title VII. Prior to the ADEA's amendment, one district court held that "the key factor in determining the applicability of the ADEA to an American citizen employed by a United States company or its subsidiary is the employee's 'relevant work station.'" *Wolf v. J.I. Case Co.,* 617 F.Supp. 858, 861 (E.D.Wis. 1985) (quoting *Pfeiffer v. Wm. Wrigley Jr. Co.,* 755 F.2d 554, 559 (7th Cir.1985)). Several district courts have applied similar tests to non-citizens. Another district court held that Title VII did not apply to an Armenian-born man who was hired and trained in the United States, but whose "primary workstation" was in the Republic of Georgia. *Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 68 (D.D.C.2002), *aff'd,* 409 F.3d 414 (D.C.Cir.2005). Another district court held that an employee applying for a job in England was not covered by the ADEA because his "work station was outside the United States." *Denty v. SmithKline Beecham Corp.,* 907

F.Supp. 879, 884 (E.D.Pa.1995), *aff'd*, 109 F.3d 147 (3d Cir.1997). Yet another district court held that the ADEA did not apply to an employee whose "employment base" was in France, but who traveled to the United States on business for about 30 days per year. *Wolf*, 617 F.Supp. at 863. Though none of these cases explicitly define "primary work station" or the equivalent terms, it appears that the primary work station is the site where the employee spends a majority of her working hours.

A federal district court in New York used a related center-of-gravity test to determine whether a non-U.S. citizen was employed within the United States for purposes of the Americans with Disabilities Act (ADA). *See Torrico v. IBM Corp.*, 213 F.Supp.2d 390, 403–04 (S.D.N.Y.2002). The *Torrico* court considered a variety of factors borrowed from choice of law jurisprudence in its analysis of employment location including:

> whether any employment relationship had, in fact, been created at the time of the alleged discrimination, and if so, where that employment relationship was created and the terms of employment were negotiated; the intent of the parties concerning the place of employment; the actual or contemplated duties, benefits, and reporting relationships for the position at issue; the particular locations in which the plaintiff performed those employment duties and received those benefits; the relative duration of the employee's assignments in various locations; the parties' domiciles; and the place where the allegedly discriminatory conduct took place.

*Id.*

The court noted that these factors are not exhaustive and that a court should consider the totality of the circumstances in applying the test. *Id.* at 404.

Defendant argues that this Court should apply the primary-work-station test. *See* Def.'s Resp. 4–5. Defendant states that under this test, it is clear that Gomez's primary work station was in Juarez, because both the personnel requisition for her position and the letter offering her employment state that her work was to be performed in Juarez. *Id.* at 5. Plaintiff argues that this test is improper in the present case, because the cases that apply the test only "stand for the proposition that an employee who merely receives an interview or training in the United States is not covered by federal employment-discrimination laws." Pl.'s Resp. 6. According to Plaintiff, these cases "are not comparable to the facts of [Plaintiff's] employment." *Id.* at 7. Instead, Plaintiff argues that dismissal would be proper only if the sole basis for her claims were events occurring outside of the United States. *Id.* at 6 (citing *Mota*, 261 F.3d at 524).

Plaintiff's argument that she only needs to allege some discriminatory conduct that occurred in the United States is incorrect. Plaintiff relies on the following sentence from the Fifth Circuit's decision in *Mota:* "Assuming *arguendo* the validity of Mota's Title VII interpretation, subject matter jurisdiction would not be present if the events in Mexico were the sole basis for Mota's harassment claim." *Mota*, 261 F.3d at 524. In *Mota*, it was undisputed that the plaintiff was employed within the United States, at the University of Texas at Houston Health Science Center. *See id.* at 515. The issue in *Mota* was not where the plaintiff was employed, but whether subject-matter jurisdiction would be appropriate when the plaintiff alleged conduct that had occurred during a business trip to Mexico. *Id.* at 524. The Fifth Circuit held that subject-matter jurisdiction was appropriate because the plaintiff had also alleged several incidents

that occurred within the United States. *Id.* Although *Mota* shows that Plaintiff must allege some discriminatory conduct that occurred within the United States, it does not answer the key question in the instant case: how to determine whether an individual is employed within the United States.

This Court finds that the primary-workstation test is vague and overly simplistic in its determination of employment within the United States. First, the test assumes that an employee *has* a primary work station—an assumption that may be invalid given the nature of our global economy with its mobile workforce. And even if an employee has a primary work station, this might not be the only issue a court would want to consider. For example, an employee might spend a third of her working hours at a site in Mexico, and the remaining two-thirds of her working hours spread among five sites in the United States. Although this employee would seem to have a primary work station in Mexico, she would spend a majority of her time in the United States. That an employer could avoid liability in such a situation simply because an employee spends a plurality of her time at a work station in Mexico is an odd, counterintuitive outcome.

 Based on these considerations, this Court adopts the more comprehensive *Torrico* center-of-gravity test. To determine whether an employee is employed within the United States for purposes of the ADEA and Title VII, the Court will review: (1) the site of the creation of the employment relationship including where the terms of employment were negotiated; (2) the intent of the parties concerning the location of the employment; (3) the locations of the reporting relationships for the position at issue; (4) the actual locations where the employee performed duties and received benefits as well as the relative amount of time the employee spent at each of these sites; and (5) the location of employee's domicile. These factors are not exclusive, and the Court will consider the totality of the circumstances of the employment. The Court will focus on the terms of employment and the contacts the employee had with the United States by means of her employment.

 Applying these factors to the present case, the Court finds that there is a genuine issue of material fact as to whether Plaintiff was employed within the United States. First, the record fails to establish where the employment relationship was created or where the terms of the relationship were negotiated. Second, the record fails to establish with any certainty the intent of the parties concerning the site of Plaintiff's employment. Defendant claims that it hired Plaintiff as a location manager in Juarez, Def.'s Mot. 1, but Plaintiff points to a letter from Defendant's Director of Human Resources to the Mexican consul stating that Plaintiff would only visit Juarez. Pl.'s Resp. 1. Third, with regard to reporting relationships, the evidence indicates that Plaintiff reported to a supervisor located in Richardson, Texas. *Id.* at 2. This factor weighs in favor of Plaintiff. Fourth, the amount of time Plaintiff spent at each work site is uncertain. Defendant has stated that Plaintiff was hired to manage Defendant's facility in Mexico and worked there. Def.'s Mot. 5. Yet Plaintiff asserts that she also traveled to North Carolina for a week every other month and that she also regularly visited Richardson, Texas as part of her job. Pl.'s Resp. 2. Thus, there appears to be a question of fact as to where Plaintiff spent her time working and the relative amounts of time spent at each location. Fifth, with regard to domicile, Plaintiff lived in the United States and was paid her salary in the United States. *Id.* at 1.

And according to her W–2 Form, Defendant withheld money from Plaintiff's paychecks for United States income tax.[1] *Id.* at 1.

Viewing this evidence and these factors in the light most favorable to Plaintiff, the Court finds that there is a question of material fact as to whether Plaintiff was employed in the United States. Each factor either weighs in favor of Plaintiff or is neutral. Accordingly, Defendant's Motion to Dismiss is **DENIED** with respect to Plaintiff's ADEA and Title VII claims.

### D. TCHRA Claim

Defendant argues that Plaintiff is not covered by the TCHRA because she was not employed in Texas. Def.'s Mot. 6. Plaintiff responds that she is covered by the TCHRA because she was not employed exclusively outside of Texas. Pl.'s Resp. 8.

■ The TCHRA was enacted to conform with federal law, including Title VII and the ADEA. *Sanders v. Anadarko Petroleum Corp.*, 108 Fed.Appx. 139, 147 (5th Cir.2004) (citing Tex. Lab.Code § 21.001 (Vernon 1996 & Supp.2004)). However, the TCHRA "does not apply to an employer with respect to the employment of a person outside this state." Tex. Lab.Code § 21.111. There has been little case law interpreting this section. The Fifth Circuit has held that an employee who worked on an oil production platform seventy-seven miles off the coast of Louisiana was not employed in Texas for purposes of the TCHRA. *Sanders,* 108 Fed.Appx. at 147–48. A federal district court in Maine also held that Chapter 5 of the Texas Labor Code applied to a plaintiff who worked on

a seagoing vessel but was then transferred temporarily to Texas. *Ellenwood v. Exxon Shipping Co.,* Civ. No. 90–86–PH, 1993 WL 434080, at *2 (D.Me. Oct. 21, 1993).

■ The case law interpreting the TCHRA does not specify how courts should determine whether a person is employed within Texas. Because the TCHRA was enacted to conform with Title VII and the ADEA, the Court will use a similar test to the one used in the previous section to determine employment within the United States. The Court will consider the following factors in determining whether an employee is employed within Texas for purposes of the TCHRA: (1) the site of the creation of the employment relationship including where the terms of employment were negotiated; (2) the intent of the parties concerning the location of the employment; (3) the locations of the reporting relationships for the position at issue; (4) the actual locations where the employee performed duties and received benefits as well as the relative amount of time the employee spent at each of these sites; and (5) the location of employee's domicile. These factors are not exclusive, and the Court will consider the totality of the circumstances of the employment. The Court will focus on the terms of employment and the contacts the employee had with the Texas by means of her employment.

■ Once again, viewing the evidence in the light most favorable to Plaintiff, the Court finds that a genuine issue of material fact exists as to whether she was employed in Texas for purposes of the TCHRA. Each factor either weighs in

1. However, under the facts of this case, domicile in the U.S. is not probative of the issue of employment location and the Court will not consider it. With the highly integrated metropolitan areas of El Paso and Juarez, the fact that Plaintiff lived in the United States, was paid in the United States, and paid taxes in the United States has little relevance to whether Plaintiff was in fact employed in the United States.

favor of Plaintiff or is neutral. Accordingly, Defendant's Motion to Dismiss Plaintiff's TCHRA claim is **DENIED.**

### E. Request for Limited Period of Discovery

In its Reply, Defendant argues that if there remains a factual question as to the location of Plaintiff's employment, the Court should allow a limited period of discovery to resolve this issue. Def.'s Reply 5. Plaintiff argues that such limited discovery would unnecessarily burden the parties and delay the case's outcome. Pl.'s Sur–Resp. 3. The Court agrees with Plaintiff. Defendant's request for a limited period of discovery is **DENIED.** The parties shall provide the Court with their Report of Parties' Planning Meeting, as required by the Court's Standing Order on Pretrial Deadlines, by September 17, 2007.

## III. CONCLUSION

For the foregoing reasons, Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim" (Doc. No. 6) is **DENIED.**

It is **FURTHER ORDERED** that the parties shall submit their Report of Parties' Planning Meeting as required by this Court's Standing Order on Pretrial Deadlines by September 24, 2007.

**SO ORDERED.**